UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
EPIFANIA JUNCO, individually and on behalf of all others similarly situated,

                            Plaintiff,

    -against-

GERI-CARE PHARMACEUTICALS CORP., ELLIOT SHINDLER and SHEINDY SHINDLER, as individuals,

                         Defendants,
------------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL REQUESTED**

1. Plaintiff, **EPIFANIA JUNCO**, individually and on behalf of all others similarly situated (hereinafter referred to as "Plaintiff"), by their attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiff **EPIFANIA JUNCO**, individually and on behalf of all others similarly situated, through undersigned counsel, bring this action against **GERI-CARE PHARMACEUTICALS CORP., ELLIOT SHINDLER and SHEINDY SHINDLER, as individuals,** (collectively hereinafter, "Defendants") to recover damages for Defendants' egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment with the Defendants at **GERI-CARE PHARMACEUTICALS CORP.** ('Geri-Care'), located at 1650 63rd St, Brooklyn, NY 11204 and at the residences (at "the Houses") of **ELLIOT SHINDLER and SHEINDY SHINDLER** located at 314 Avenue N, Brooklyn, NY 11230 and another residence located in New Jersey.

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding

1

$100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over Plaintiff's other state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff EPIFANIA JUNCO residing in Corona, NY 11368 was employed by Defendants from in or around March 2000 until in or around March 2022.

9. Defendant, GERI-CARE PHARMACEUTICALS CORP. is a New York domestic business corporation, organized under the laws of the State of New York with a principal executive office located at 1650 63rd St, Brooklyn, NY 11204.

10. Defendant, GERI-CARE PHARMACEUTICALS CORP. is a corporation duly authorized to do business under the laws of the State of New York.

11. Upon information and belief, Defendants ELLIOT SHINDLER and SHEINDY SHINDLER are the owners of GERI-CARE Pharmaceuticals Corp.

12. Upon information and belief, Defendants ELLIOT SHINDLER and SHEINDY SHINDLER are agents of GERI-CARE Pharmaceuticals Corp.

13. Upon information and belief, ELLIOT SHINDLER and SHEINDY SHINDLER are responsible for overseeing all daily operations of GERI-CARE Pharmaceuticals Corp.

14. Upon information and belief, ELLIOT SHINDLER and SHEINDY SHINDLER have power and authority over all the final personnel decisions of GERI-CARE Pharmaceuticals Corp.

15. Upon information and belief, ELLIOT SHINDLER and SHEINDY SHINDLER have the power and authority over all final payroll decisions of GERI-CARE Pharmaceuticals Corp., including the Plaintiff.

16. Upon information and belief, ELLIOT SHINDLER and SHEINDY SHINDLER have the exclusive final power to hire the employees of GERI-CARE Pharmaceuticals Corp., including the Plaintiff.

17. Upon information and belief, ELLIOT SHINDLER and SHEINDY SHINDLER have exclusive final power over the firing and terminating of the employees of GERI-CARE Pharmaceuticals Corp., including Plaintiff.

18. Upon information and belief, ELLIOT SHINDLER and SHEINDY SHINDLER are responsible for determining, establishing, and paying the wages of all employees of GERI-CARE Pharmaceuticals Corp., including the Plaintiff, setting their work schedules, and maintaining all their employment records of the business.

19. Furthermore, ELLIOT SHINDLER and SHEINDY SHINDLER also hired Plaintiff as a cleaner and housekeeper at the Houses, where they were directly responsible for the supervision, payment of wages, and all relevant terms of Plaintiff's employment.

20. Accordingly, at all relevant times hereto, ELLIOT SHINDLER and SHEINDY SHINDLER were Plaintiff's employers within the meaning and the intent of the NYLL.

21. At all times relevant to the allegations contained in the complaint, GERI-CARE Pharmaceuticals Corp. was, and is, an enterprise engaged in interstate commerce within the meaning of the FLSA in that GERI-CARE Pharmaceuticals Corp. (i) has purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and has had employees engaged in interstate commerce, and/or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) has had annual gross volume of sales of not less than $500,000.00.

**RELEVANT STATUTORY PERIOD**

22. Under the FLSA and NYLL, Plaintiff's federal and state law claims are subject to statute of limitations periods of 3 and 6 years from the date of the filing of the Complaint, respectively. This Complaint is filed in August 2022. As such, the relevant

statutory period for Plaintiff's claims asserted herein encompasses the entirety of the period spanning August 2016 through the present ("relevant statutory period.").

## FACTUAL ALLEGATIONS

23. Plaintiff EPIFANIA JUNCO was employed by GERI-CARE PHARMACEUTICALS CORP., as a medicine packer while also performing related miscellaneous duties for the Defendants, from in or around March 2000 until in or around March 2022.

24. Simultaneously during Plaintiff's employment with GERI-CARE PHARMACEUTICALS CORP., Plaintiff also worked at the Houses of Defendants ELLIOT SHINDLER and SHEINDY SHINDLER as a cleaner and housekeeper while also performing other miscellaneous duties from in or around March 2000 until in or around December 2021.

25. Plaintiff EPIFANIA JUNCO regularly worked six (6) days per week from in or around August 2016 until in or around December 2019 and five (5) days per week from in or around January 2020 until in or around March 2022.

26. During the relevant statutory period, Plaintiff would spend each work week working for Geri-Care and at the Houses with the exception in 2022 where Plaintiff only worked at Geri-Care.

27. Prior to 2022, Plaintiff was required to work both jobs for the Defendants and her employment at each particular job was dependent on the other.

28. From in or around August 2016 until in or around December 2019, Plaintiff regularly worked the following schedule of shifts between two work locations:

    a. **At the Houses** in New York, beginning at approximately 9:00 a.m. each workday and regularly ended until approximately 5:30 p.m., or later, every Sunday Monday, Wednesday, Friday and from approximately 9:00 a.m. to 1:00 p.m. every Thursday.

    b. **At Geri-Care,** beginning at approximately 9:00 a.m. each workday and regularly ending until approximately 5:30 p.m., or later, every Tuesday and from approximately 1:00 p.m. until 5:30 p.m., or later, every Thursday.

29. From in or around January 2020 until in or around December 2021, Plaintiff regularly worked the following schedule of shifts between two work locations:

4

    c. **At the Houses** in New Jersey, beginning at approximately 9:00 a.m. each workday and regularly ending until approximately 3:00 p.m., or later, every Monday and Friday.

    d. **At Geri-Care,** beginning at approximately 9:00 a.m. each workday and regularly ending until approximately 5:30 p.m., or later, every Tuesday, Wednesday and Thursday.

30. From in or around January 2022 until in or around March 2022, Plaintiff worked a schedule of shifts at Geri-Care, beginning at approximately 9:00 a.m. each workday and regularly ended until approximately 5:30 p.m. or later, from Monday to Thursday and from 9:00 a.m. until approximately 1:00 p.m. or later, every Friday and Plaintiff no longer worked at the Houses.

31. In sum, Plaintiff was regularly required to work fifty-one (51) hours, or more hours, each week from in or around August 2016 until in or around December 2019; thirty-seven and a half (37.5) hours or more hours each from in or around January 2020 until in or around December 2021 and thirty-eight (38) hours or more hours each week from in or around January 2022 until in or around March 2022.

32. Plaintiff EPIFANIA JUNCO was paid by the Defendants one flat salary despite being required to work in different locations and completely performing different duties.

33. During the relevant statutory period, Plaintiff was paid by Defendants approximately:

    i. $1,033.00 bi-weekly for all hours worked at **Geri-Care** from in or around August 2016 until in or around December 2018;

    ii. $630.00 per week for all hours worked at **Geri-Care**, from in or around January 2019 until in or around March 2022.

34. During the relevant statutory period, Plaintiff was paid by Defendants via Direct Deposit under the account of GERI-CARE PHARMACEUTICALS CORP. Plaintiff did not receive any compensation for her hours worked at the Houses.

35. Thus, Plaintiff EPIFANIA JUNCO was not compensated <u>at all</u> for all her hours worked at the Houses from August 2016 until in or around December 2021. Plaintiff was not compensated <u>at all</u> for any of her hours worked at the Houses and was only compensated for her work at Geri-Care, despite Defendants making Plaintiff's

employment at Geri-Care dependent on the work she was required to perform at the Houses.

36. Although Plaintiff regularly worked fifty-one (51) hours or more hours each week from in or around August 2016 until in or around December 2019, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for her hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

37. Furthermore, Defendants paid Plaintiff EPIFANIA JUNCO on a bi-weekly basis, failing to timely pay Plaintiff for her first week of wages from in or around August 2016 until in or around December 2018 and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay her on a weekly basis.

38. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

39. Furthermore, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

40. Additionally, Defendants willfully failed to provide Plaintiff with a written notice, in English, of her applicable regular rate of pay, regular pay day, and all such information as required by NYLL §195(1).

41. Defendants willfully failed to provide Plaintiff with any wage statements, upon each payment of his wages, as required by NYLL §195(3).

42. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks statutory interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

43. Plaintiff brings this action on behalf of herself, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are hereafter, the "Collective Class."

44. Collective Class: All persons who are or have been employed by the Defendants as medicine packers at Geri-Care or any other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum wages.

45. Upon information and belief, Defendants employed approximately 30 to 40 employees during the relevant statutory period who Defendants subject(ed) to similar payment structures that violate applicable law.

46. Defendants suffered and permitted Plaintiff - and the Collective Class - to regularly work more than forty hours per week without appropriate overtime compensation.

47. Defendants' unlawful conduct herein has been widespread, repeated, and consistent.

48. Defendants had knowledge that the Plaintiff and the Collective Class regularly performed work requiring overtime pay.

49. Defendants' conduct as set forth in this Complaint, was willful and in bad faith - and has caused significant damages to Plaintiff, as well as the Collective Class.

50. Defendants are liable under the FLSA for failing to properly compensate Plaintiff, and the Collective Class, and as such, notice should be sent to the Collective Class.  There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and proper minimum wage pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit.  Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

51. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

52. The claims of Plaintiff are typical of the claims of the whole putative class.

53. Plaintiff and their counsel will fairly and adequately protect the interests of the putative class.

54. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

55. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

56. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b) *et seq*.

57. At all times relevant to this action, Plaintiff was engaged in interstate commerce and/or was engaged in the production of goods for/through the channels of interstate commerce within the meaning of 29 U.S.C. §§206(a) and 207(a), *et seq*.

58. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

59. Defendants willfully failed to pay Plaintiff's overtime wages for all hours regularly worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

60. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made any good faith effort to comply with their obligations under the FLSA with respect to the compensation of the Plaintiff.

61. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

62. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

63. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

64. Defendants failed to pay Plaintiff's overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3, *et seq*.

65. Due to Defendants' New York Labor Law violations, Plaintiff are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

### THIRD CAUSE OF ACTION
### Unpaid Wages Under The Fair Labor Standards Act

66. Plaintiff re-alleges and incorporate by reference all allegations in all preceding paragraphs.

67. Defendants willfully failed to pay Plaintiff's wages for hours worked in violation of 29 U.S.C. §206(a).

68. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional.  Defendants have not made a good effort to comply with the FLSA with respect to compensating the Plaintiff.

69. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

### FOURTH CAUSE OF ACTION
### Unpaid Wages Under The New York Labor Law

70. Plaintiff incorporates by reference all allegations in all preceding paragraphs.

71. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

9

72. Defendants failed to pay Plaintiff's wages for hours worked in violation of New York Labor Law Article 6.

73. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from the Defendants, jointly and severally, her unpaid wages and an amount equal to her unpaid wages in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest in accordance with N.Y. Labor Law §198 (1-a).

## FIFTH CAUSE OF ACTION
### Violation of Frequency of Pay Under New York Labor Law

74. Plaintiff re-alleges and incorporates by reference the foregoing allegations as if set forth fully and again herein.

75. Defendants willfully violated the rights of Plaintiff by failing to pay his wages owed on a weekly basis in which his wages were earned, in violation of New York Labor Law § 191.

76. Defendants' failure to pay wages on the statutorily prescribed schedule was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

77. Due to defendants' New York Labor Law violations, Plaintiff is entitled to recover from defendants liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198 and § 663(1).

## SIXTH CAUSE OF ACTION
### Violation of the Wage Statement Requirements of the New York Labor Law

78. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

79. Defendants failed to provide Plaintiff with wage statements, upon each payment of his wages, as required by NYLL §195(3).

80. Defendants are liable to Plaintiff in the amount of $5,000.00 together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

81. Plaintiff re-alleges and incorporate by reference all allegations in all preceding paragraphs.
82. Defendants failed to provide Plaintiff with a written notice, in English (Plaintiff's primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).
83. Defendants are liable to Plaintiffs in the amount of $5,000.00, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;
b. Awarding Plaintiff's unpaid overtime wages;
c. Awarding Plaintiff's unpaid wages;
d. Awarding Plaintiff's unpaid wages for Defendants' failure to timely pay Plaintiff's wages;
e. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
f. Awarding Plaintiff prejudgment and post-judgment interest;
g. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; together with such further relief as this court deems necessary and proper..

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all questions of fact raised by the complaint.

Dated: August 2, 2022
       Kew Gardens, NY

11

*Roman Avshalumov*
Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

12

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

EPIFANIA JUNCO, individually and on behalf of all others similarly situated,

                              Plaintiffs,

      -against-

GERI-CARE PHARMACEUTICALS CORP., ELLIOT SHINDLER and SHEINDY SHINDLER, as individuals

                              Defendants,

### COLLECTIVE ACTION COMPLAINT

*Jury Trial Demanded*

**HELEN F. DALTON & ASSOCIATES, P.C.**
*Attorneys for the Plaintiff*
80-02 Kew Gardens Road
Suite 601
Kew Gardens, New York 11415
Phone: (718) 263-9591
Fax: (718) 263-9598

**To:**

**GERI-CARE PHARMACEUTICALS CORP. (DOS ID: 1413571)**
**Service Via Secretary of State and Personal Service:**
1650 63rd St, Brooklyn, NY 11204

**ELLIOT SHINDLER**
1650 63rd St, Brooklyn, NY 11204
314 Avenue N, Brooklyn, NY 11230-5511

**SHEINDY SHINDLER**
1650 63rd St, Brooklyn, NY 11204
314 Avenue N, Brooklyn, NY 11230-5511